UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Cleveland, III, | ) | Civil Action No.: 4:17-cv-03269-RBH |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Director Jerry B. Adger, | ) | |
| Respondent. | ) | |

Petitioner, a state parolee proceeding pro se, commenced this action by filing a habeas petition pursuant to 28 U.S.C. § 2254.[1] *See* ECF No. 1. The matter is now before the Court on Petitioner's untimely objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III,[2] who recommends summarily dismissing Petitioner's habeas petition as untimely. *See* ECF Nos. 12 & 27.

## Legal Standards

### I. Review of the R & R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1] *See generally Jones v. Cunningham*, 371 U.S. 236, 244 (1963) (holding a state parolee is "in custody" for purposes of the district court's habeas corpus jurisdiction).

[2] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which specific written objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of **timely filed** specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). Failure to file timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

## II. One-Year Statute of Limitations for Filing a § 2254 Habeas Petition

Petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336–37 (1997).

A state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 has one year to file his petition after the latest of four enumerated events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

2

             prevented from filing by such State action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Thus, under subsection (A), "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated [in subsections (B), (C), or (D)] is present and starts the clock running at a later date." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

The one-year limitation period is suspended for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In interpreting § 2244(d)(1) and (2), the Fourth Circuit has clarified the time that elapses between completion (or expiration) of direct review and commencement of state post-conviction review counts toward the one-year limitation period. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("In short, [28 U.S.C. § 2244(d)] provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court."). The one-year limitation period in "§ 2244(d) is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), but "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

3

filing." *Id.* at 649 (internal quotation marks omitted).

## **Discussion**[3]

The Court agrees with the Magistrate Judge that Petitioner's habeas petition is untimely.[4] On November 5, 2013, the state plea court sentenced Petitioner after he pled guilty to his criminal charges. Petitioner then had ten days to serve a notice of appeal. *See* Rule 203(b)(2), SCACR (requiring a criminal defendant to serve a notice of appeal within 10 days after imposition of the sentence). Because Petitioner did not file a direct appeal, his convictions became final on **November 15, 2013**. *See* 28 U.S.C. § 2244(d)(1)(A). The limitation period ran for **139 days from November 15, 2013, to April 3, 2014**, the date that Petitioner filed his state post-conviction relief ("PCR") application. *See id.* § 2244(d)(2). The limitation period was tolled until **August 8, 2016**, the date that the remittitur from the South Carolina Supreme Court (which denied review of Petitioner's PCR appeal) was filed in the state circuit court. *See Beatty v. Rawski*, 97 F. Supp. 3d 768, 775–76, 780 (D.S.C. 2015) (holding the final disposition of a PCR proceeding in South Carolina, for purposes of determining the date when a case is no longer pending under § 2244(d)(2), does not occur until the remittitur is filed in the circuit court). Consequently, the limitation period began running again on **August 8, 2016**, and **expired 226 days later on March 22, 2017**. However, Petitioner did not file anything relating to this § 2254 action

---

[3] The R & R throughly summarizes the relevant facts and applicable law with citations to the record and judicially noticed sources. *See generally Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]").

[4] The Magistrate Judge raised the issue of timeliness *sua sponte* and provided Petitioner an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *Hill*, 277 F.3d at 705–08 (recognizing a district court may raise the one-year limitation period *sua sponte* so long as it "give[s] the *pro se* § 2254 petitioner prior notice and an opportunity to respond"). Petitioner has also had an opportunity to respond via his objections to the R & R.

4

until August 4, 2017.[5] *See Cleveland v. Adger*, No. 4:17-cv-02112-RBH, at ECF No. 1 (D.S.C.) (filed Aug. 4, 2017). The Court concludes Petitioner's § 2254 petition is untimely because it was filed over four months after the expiration of the one-year limitation period in 28 U.S.C. § 2244(d). Moreover, the Court finds Petitioner is not entitled to equitable tolling because he has not shown that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing his habeas petition. *See Holland*, 560 U.S. at 649.

Petitioner has filed objections to the R & R, but these objections are **untimely**. *See* ECF No. 27. After the Magistrate Judge entered the R & R,[6] the Court granted Petitioner two extensions (of almost two months) to file objections. *See* ECF Nos. 18 & 23. The Court's second order granting an extension required Petitioner to file objections by April 24, 2018, and notified him that "[n]o further extensions will be granted." *See* ECF No. 23. However, Petitioner did not file his objections until April 30, 2018.[7] Because his objections are untimely, the Court need not consider them and "must only

---

[5] The instant § 2254 petition was docketed on December 4, 2017. *See* ECF No. 1. However, as the Magistrate Judge explains, Petitioner attempted (unsuccessfully) to obtain an extension of time to file his § 2254 petition in the other action cited above, *see* R & R at pp. 1–2, 6; and therefore both the Magistrate Judge and the Court are giving Petitioner the benefit of the doubt and using August 4, 2017, as the date he filed this § 2254 action.
   In his objections, Petitioner attempts to relitigate his prior motion seeking an extension of time to file his § 2254 petition. *See* R & R at p. 1. However, both this Court and the Magistrate Judge have squarely addressed this issue and explained the Court cannot grant such a motion. *See* R & R at p. 2; *Cleveland v. Adger*, No. 4:17-cv-02112-RBH, at ECF Nos. 19 & 23 (D.S.C.). The cases that Petitioner cites (*Santiago v. Riley*, No. 4:16-cv-03512-RMG (D.S.C.) and *Smith v. Warden*, No. 4:16-cv-04008-TLW (D.S.C.)) involve the Magistrate Judge granting a respondent's motion for an extension of time to file a *responsive pleading* to a § 2254 petition—such relief is routine in § 2254 actions and completely different than that Petitioner seeks (i.e., extending a statute of limitations).

[6] The R & R notified Petitioner that "**[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**" R & R at p. 9. *See generally Green v. Reynolds*, 671 F. App'x 70–71 (4th Cir. 2016) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance.").

[7] A paper is filed when it is delivered to the Clerk (or a judge), not when it is mailed. *See* Fed. R. Civ. P. 5(d)(2). Petitioner was in jail at one point during this action, but he was not in jail when the Court granted the last extension requiring him to file objections by April 24, 2018, or when he actually filed his objections. Thus, the prison mailbox rule is not at issue here. *See generally Houston v. Lack*, 487 U.S. 266 (1988).

satisfy itself that there is no clear error on the face of the record." *Diamond*, 416 F.3d at 315 (internal quotation mark omitted).

In any event, the Court has reviewed Plaintiff's objections and notes they would not change its decision to adopt the R & R. Petitioner argues his § 2254 petition is timely because it was filed within a year of the South Carolina Supreme Court issuing the remittitur in his PCR appeal. *See* ECF No. 27 at p. 2. However, as indicated above, the limitation period is not calculated this way and it ran for (1) the time that elapsed between the expiration of the time to appeal his guilty plea and the filing of his PCR action (139 days) and (2) the time that elapsed between the filing of the remittitur from his PCR appeal in the state circuit court and the filing of his first federal action (361 days). Petitioner also asserts that the state circuit court still has not ruled on two motions he filed in August and November of 2014, *see id.* at p. 3; however, those motions were filed during the pendency of his PCR action, and they do not affect the calculation of the limitation period.[8]

In sum, the Court finds Petitioner's § 2254 petition is untimely, not subject to equitable tolling, and must be denied.

---

Also, on April 27, 2018, Petitioner filed another motion for an extension of time to file objections, *see* ECF No. 26. The Court **DENIES** this motion based on its prior order informing Petitioner that no further extensions would be granted. *See* ECF No. 23.

[8] Additionally, Petitioner contends the Magistrate Judge erroneously considered his "Objections" (ECF No. 8) to the proper form order issued earlier in this case, *see* ECF Nos. 6 & 8, claiming that the undersigned should have ruled on them. *See* ECF No. 27 at p. 2. The Court notes the Magistrate Judge simply considered those "Objections" in addressing the timeliness of Petitioner's § 2254 petition, *see* R & R at pp. 4, 7; and in any event the Court has reviewed those "Objections" pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) and finds the Magistrate Judge's proper form order is neither clearly erroneous nor contrary to law because, as explained in Footnote 3 above, the Magistrate Judge properly raised the issue of timeliness *sua sponte* in accordance with *Day* and *Hill*, *supra*.

Finally, Petitioner appears to argue the one-year limitation period is unconstitutional under the Suspension Clause of the U.S. Constitution. *See* U.S. Const., Art. I, § 9 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). However, "[t]he constitutionality of AEDPA's limitation period has been upheld under the Suspension Clause of the United States Constitution." *Smith v. Ballard*, 2016 WL 3456452, at *7 (S.D.W. Va. May 26, 2016) (collecting cases), *adopted by*, 2016 WL 3460438 (S.D.W. Va. June 21, 2016).

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

**Conclusion**

Based upon the foregoing, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 12]. Accordingly, the Court **DENIES AND DISMISSES** Petitioner's § 2254 petition *with prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). The Court **DENIES** Petitioner's Third Motion for an Extension of Time to File Objections to the R & R [ECF No. 26] and Motion to Correct Judgment [ECF No. 14].[9]

---

[9] Petitioner filed a Motion to Correct Judgment in the instant case and in his prior related case, and the Court has already entered an order denying the motion in the prior case and explaining the reasons for doing so. *See Cleveland v. Adger*, No. 4:17-cv-02112-RBH, at ECF No. 37 (D.S.C.) (filed May 7, 2018) ("Previously, the Court

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
May 22, 2018  R. Bryan Harwell
  United States District Judge

---

entered an order directing 'the Clerk to open a separate case with a separate filing number' and to docket Petitioner's federal habeas petition filed pursuant to 28 U.S.C. § 2254, *see* ECF No. 32, and the Clerk did so. *See Cleveland v. Adger*, No. 4:17-cv-03269-RBH (filed Dec. 4, 2017). In that same order, the Court found Petitioner's pending motions moot. Petitioner has now filed a motion pursuant to Fed. R. Civ. P. 60(a) asking the Court to close the new case and reopen the instant case. *See* ECF No. 35 . '[T]he scope of a court's authority under Rule 60(a) to make corrections to an order or judgment is circumscribed by the court's intent when it issued the order or judgment.' *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 266 (4th Cir. 2014). The Court notes Petitioner's new case is the proper one and provides him the opportunity to pursue his § 2254 action, and therefore the Court **DENIES** his motion.").

8